UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23329-ALTMAN/Lett

NINA RADWAN, *et al.*,

　　*Plaintiffs*,

*v.*

INFINITY ASSURANCE
INSURANCE COMPANY,

　　*Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS

The Plaintiffs bring claims against an insurance company, seeking to recover for damages they allegedly sustained in an automobile accident with third parties. The Defendant now moves to dismiss the claims. After careful review, we **GRANT** the motion.

### BACKGROUND

Our Plaintiffs—Nidal and Raina Radwan—are a married couple and "residents of Florida." State Court Complaint (the "Complaint") [ECF No. 1-1] ¶ 2. They claim that, "[o]n or about August 4, 2023," Luis D. Arita Cartagena—an employee of Salomon Construction and Roofing Corp. ("Salomon")—"operated a motor vehicle, with the consent and authority of Salomon[,] in the express lane of I95 just south of NW 135 street and heading in a South bound direction in Miami, Florida." *Id.* ¶ 6. According to the Plaintiffs, Cartagena "negligently operated or maintained the motor vehicle owned by Salomon so that i[t] collided with [the] Plaintiff[s'] . . . motor vehicle in the neighboring lane." *Id.* ¶ 8. "As a result," the Plaintiffs tell us, "Nidal Radwan[ ] suffered bodily injury and resulting pain and suffering," including "disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,

loss of ability to earn money and aggravation of a previously existing condition." *Id.* ¶ 10; *see also id.* ¶ 22 ("The foregoing damages to Nidal Radwan resulted in the loss of consortium and comfort and society by . . . Raina Radwan[.]").

"Thereafter," the Complaint continues, "Salomon timely and fully reported the accident and details" to the Defendant Infinity Assurance Insurance Company, "an insurance company providing insurance coverage for . . . Cartagena . . . and Salomon," and "demanded that Infinity provide[ ] both a defense and coverage for said claim of the Plaintiffs." *Id.* ¶¶ 3, 12. But the Plaintiffs allege that "Infinity failed and refused to provide a defense" and "to provide coverage." *Id.* ¶¶ 13–14. "On December 10, 2024, the Plaintiffs obtained final judgment against Salomon and Cartagena" and "then obtained execution on the final judgment." *Id.* ¶¶ 15–16; *see also id.* at 106 (noting that the Agreed Final Judgment is for $775,000). "Pursuant to the final judgment and proceedings supplementary, the Plaintiffs succeeded to the claims and rights under the policy of insurance with Infinity." *Id.* ¶ 28.

In November 2025, our Plaintiffs brought two counts against the Defendant in state court. Count I alleges breach of an insurance contract. *See id.* ¶¶ 27–29 ("Despite demand for both a defense and for coverage under the terms of the policy, the Defendant . . . declined and refused to provide either a defense or coverage of t[he] claims under the policy. Pursuant to the final judgment and proceedings supplementary, the Plaintiffs succeeded to the claims and rights under the policy of insurance with Infinity. The Defendant . . . materially breached the terms of its policy by failing to provide a defense and failing to provide coverage for the accident[.]"). Count II, in the alternative, seeks declaratory relief: a "judgment . . . declaring that the Defendant . . . is bound under its policy of insurance and required to pay attorney fees, costs and such further amounts as the court may deem to be just and proper." *Id.* ¶ 36; *see also ibid.* ("There is a bona fide dispute and controversy regarding the terms of coverage and the policy as applied to . . . the parties to this action which require court determination and render this action properly the subject of Declaratory Relief.").

2

On July 25, 2025, the Defendant removed the case to federal court. *See* Notice of Removal [ECF No. 1]. On August 6, 2025, the Defendant filed a Motion to Dismiss (the "MTD") [ECF No. 6]. On August 17, 2025, the Plaintiffs filed a Response in Opposition to the MTD (the "Response") [ECF No. 8]. And, on August 22, 2025, the Defendant filed a Reply in Support of the MTD (the "Reply") [ECF No. 10].[1]

## THE LAW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *ADT LLC v. Skyline Security Management, Inc.*, 2026 WL 575122, at *5 (S.D. Fla. Mar. 2, 2026) (Altman, J.) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, but legal conclusions without adequate factual support are entitled to no assumption of truth." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (cleaned up).

## ANALYSIS

The Defendant offers three grounds for dismissing the Complaint. *First*, it argues that the Plaintiffs "have not alleged, and cannot establish, a wrongful refusal to defend where Infinity was

---

[1] In September 2025, the Defendant filed a Motion for Sanctions [ECF No. 17], arguing that the Plaintiffs filed "a frivolous action." *Id.* at 1; *see also ibid.* ("Before Plaintiffs filed the instant action, Plaintiffs were provided an affidavit and documentation demonstrating that Infinity was not provided notice of the underlying liability lawsuit until after entry of the Agreed Final Judgment. Given these circumstances, Plaintiffs' filing and continued pursuit of the instant lawsuit based upon Infinity's purported wrongful refusal to defend is frivolous and should be sanctioned."). In October 2025, we denied the Motion for Sanctions without prejudice, noting that the motion was "premature" because "Rule 11 sanctions normally will be determined at the end of litigation." October 13, 2025 Paperless Order [ECF No. 21] (quotation marks omitted).

given no notice of the lawsuit and no opportunity to defend prior to entry of the Agreed Final Judgment." MTD at 5. *Second*, the Defendant contends that the Plaintiffs "have not alleged sufficient facts to suggest coverage exists under the policy." *Id.* at 10. And *third*, the Defendant says that the Plaintiffs "have not alleged that the Agreed Final Judgment was reasonable and in good faith." *Id.* at 11. We can begin—and end—with the first challenge.

"When an insurance company wrongfully refuses to defend its insured, Florida law lets the insured settle the case himself in exchange for the plaintiff's promise to collect the settlement only from the insurance company." *Travelers Indem. Co. of Conn. v. Richard Mckenzie & Sons, Inc.*, 10 F.4th 1255, 1260 (11th Cir. 2021). "That type of settlement is called a '*Coblentz* agreement.'" *Lewis v. Allied World Specialty Ins. Co.*, 2023 WL 3844838, at *3 n.4 (S.D. Fla. June 6, 2023) (Altman, J.); *see also ibid.* ("*Coblentz* agreements get their name from the Fifth Circuit's decision in *Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969)."). "Under Florida law, a party seeking to recover under a *Coblentz* agreement must prove: (1) coverage; (2) a wrongful refusal to defend; and (3) that the settlement was objectively reasonable and made in good faith." *Jacobs v. Mid-Continent Cas. Co.*, 2021 WL 4077956, at *3 (S.D. Fla. Sept. 8, 2021) (Altman, J.), *aff'd*, 2022 WL 1740340 (11th Cir. May 31, 2022).

Here, the Defendant explains that it didn't receive notice of the lawsuit the Plaintiffs initially filed against Cartagena and Salomon "until February 24, 2025—nearly 16 months after the October 29, 2023[ ] filing of the complaint and over two months after the parties entered into the December 10, 2024[ ] *Coblentz* agreement." MTD at 5. Because "it had no notice and no opportunity to defend" that lawsuit against Cartagena and Salomon, the Defendant maintains, it "cannot be found to have wrongfully refused to defend." *Ibid.* Indeed, the Defendant tells us that "an argument claiming an insurer wrongfully refused to defend a lawsuit of which it had no notice is fundamentally frivolous." *Id.* at 6.

4

In turn, the Plaintiffs offer a ten-page Response—the first *six* pages of which simply summarize the arguments the Defendant set forth in the MTD. *See* Resp. at 1–6. The remaining four pages, riddled with typographical errors, prove difficult to follow. *See, e.g.*, *id.* at 8 ("The Defendant concedes that defense and coverage were denied just as plead in the complaint, taking into consideration that 'all doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured.' *Eastpointe Condominium Association Inc. v Travelers Casualty and Surety Company of America* 664 F Supp 2d 1281 (USDC SD 2009); however, the foregoing may or may not be affected depending upon notice and prejudice. **Id..** …..matters beyond the motion to dismiss stage." (emphases and errors in the original)). But the crux of the Response (so far as we can tell) seems to be this: "The allegations of the complaint reflect that insurer denied the claim and did not defend; if true as alleged in the complaint which alleges notice of the claims, then . . . even further notice and other policy defenses may be found to have been waived." Resp. at 8. And, "[a]ssuming arguendo that notice of the within claim was not timely provided, the matter is not completed since the court in such instance must determine whether Infinity was prejudiced by such alleged late notice," and that "issue is not properly considered at the Motion to Dismiss stage[.]" *Id.* at 6.

That argument suffers from two fatal flaws. *First*, as the Defendant points out, "the exhibits attached to [the] Plaintiffs' Complaint confirm that Infinity first became aware of the suit against Cartagena and Salomon . . . on February 24, 2025—more than two months *after* the December 10, 2024 [ ] Agreed Final Judgment was entered." MTD at 3 (emphasis added). *See* Complaint at 123 ("On February 24, 2025, Infinity learned for the first time that Plaintiffs had filed suit against Defendants, and that they had already agreed to a consent judgment in the amount of $775,000.00 plus interest."); *id.* at 108 (showing that the Agreed Final Judgment was signed on December 10, 2024). And, since "the allegations of the complaint . . . conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016); *see also* FED. R. CIV. P. 10(c)

("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." (quotation marks omitted)).

*Second*, the Plaintiffs fail to offer any support for their argument that, "[a]ssuming arguendo that notice of the within claim was not timely provided, the matter is not completed since the court in such instance must determine whether Infinity was prejudiced by such alleged late notice." Resp. at 6. To support that proposition, the Plaintiffs cite *one* case—*1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Prop. Ins. Corp.*, 112 So. 3d 541 (Fla. Dist. Ct. App. 2013)—which makes no mention of *Coblentz* agreements. Having failed to direct this Court to *any* caselaw establishing that a party seeking to recover under a *Coblentz* agreement needn't demonstrate a wrongful refusal to defend if the Defendant doesn't preemptively rule out the prospect of prejudice, the Plaintiffs cannot rely on any such theory here. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *Singh v. U.S. Att'y Gen.,* 561 F.3d 1275, 1278 (11th Cir. 2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").[2]

---

[2] Count II fails for the same reasons. The Plaintiffs do not plausibly allege that the Defendant wrongfully refused to defend its insurance obligations. In any event, the Plaintiffs don't appear to offer any cognizable response to the MTD's contention that the "claims for breach of contract and declaratory judgment are duplicative and both seek the same relief[.]" MTD at 13. Instead, the Plaintiffs provide a strange (and garbled) offer: "Although pleading in the alternative is permitted under Federal Rule of Civil Procedure 8, the Defendant seeks to dismiss the Action for Declaratory Relief . . . based on the argument that these two counts seek the same relief. This concept ignores the question which is now posed for the Defendant Insurer: 1. If Defendant Insurer moves to vacate the

* * *

The Supreme Court has made clear that courts must hold "formal pleadings drafted by lawyers" to "more stringent standards" than allegations strung together in a "pro se complaint." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, the Plaintiffs' counseled response to the MTD leaves us straining to discern coherent arguments. Even worse, it fails to account for the conflicting evidence appended to the Complaint and fails to support its reframing of the *Coblentz* inquiry. The Plaintiffs thus cannot survive the MTD.

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1.  The Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED** without prejudice.[3]

2.  The Plaintiffs shall file an amended complaint by **April 1, 2026**.

3.  All hearings and deadlines are **TERMINATED**, and any pending motions are **DENIED as MOOT**.

4.  The Clerk of Court shall **CLOSE** the case.

---

agreed judgment, plaintiff will agree to same in Circuit Court which will of course resolve any claim of prejudice. If so, then then, this may affect the court I claim for damages for breach of insurance policy contract. 2. On the other hand, Count 2 will remain to ascertain and interpret the policy. 3. Of course, if Count 2 is found to be improper, then and in that event, no declaratory action by Defendant, either in state or federal court should be permitted."). Resp. at 9. The Plaintiffs have thus abandoned any argument in support of Count II. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed. Also, when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." (cleaned up)).

[3] The Plaintiffs haven't requested leave to amend their Complaint—and we're uncertain how the Plaintiffs can now claim that the Defendant wrongfully refused to defend without receiving timely notice of the underlying lawsuit. Still, we "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). So, we'll give our Plaintiffs one chance to amend their Complaint to plead additional facts that might avoid the obstacles we've highlighted here.

**DONE AND ORDERED** in the Southern District of Florida on March 18, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

8